**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| KRISTINA BROCKMAN, | |
| Plaintiff, | |
| v. | |
| CITY OF DEKALB, POLICE CHIEF EUGENE LOWERY, OFFICER DENSBERGER, OFFICER WINTERS, OFFICER WILKENSON, OTHER AS YET UNIDENTIFIED DEKALB POLICE OFFICERS, STEAK USA LLC (d/b/a ELLWOOD STEAK AND FISH HOUSE), VASILIOS HRISTAKOS, and PETER KANAVOS, | JURY TRIAL DEMANDED |
| Defendants. | |

**COMPLAINT**

Plaintiff Kristina Brockman, by and through her attorneys, Loevy & Loevy,
complains of the Defendants City of DeKalb, DeKalb Police Chief Eugene Lowery,
DeKalb Police Officers Densberger, Winters, Wilkenson, other as yet unidentified
DeKalb police officers (collectively, "Defendant Officers"), and Steak USA LLC, Steak
USA LLC owners Vasilios Hristakos and Peter Kanavos (collectively, "Defendant
Ellwood Steak") and alleges as follows:

**Introduction**

1.	On April 12, 2016, Plaintiff Kristina Brockman was verbally assaulted and
physically attacked by Defendant Vasilios Hristakos without any justifiable provocation.

2.	Plaintiff posed no threat to Defendant Hristakos, who weighs at least 50
pounds more than the Plaintiff and is six inches taller.

3.      The physical assault caused Plaintiff to be taken by ambulance to the nearby hospital where she was treated for broken right wrist, fractured thumb, and right shoulder and ankle sprains.

4.      Because of Defendant Hristakos personal relationship with DeKalb's Chief of Police Eugene Lowery, Hristakos was not arrested or charged, and have yet faced any consequences for brutally battering Plaintiff.

5.      Plaintiff brings this action under 42 U.S.C. § 1983 and state law to redress the injuries she suffered.

## Jurisdiction and Venue

6.      This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 and over her state law claims pursuant to 28 U.S.C. §1367.

7.      Venue is proper because the City of DeKalb is a municipal corporation within this district, Defendant Officers are believed to reside in this jurisdiction, and Defendant Steak USA (d/b/a Ellwood Steak and Fish House) is a limited liability corporation within this district. Moreover, all of the events giving rise to the claims asserted herein occurred within this district.

## Parties

8.      Plaintiff Kristina Brockman is 38 years old and runs a family-owned business, Serenity's Barnyard Angels - Babies Traveling Petting Zoo. She is a resident of Kingston, Illinois.

9.      Defendant City of DeKalb ("City") is an Illinois municipal corporation that operates the DeKalb Police Department ("Department").

2

10.     Defendant Lowery is the current Chief of Police for the DeKalb Police Department. On information and belief, Defendant Lowery is a resident of DeKalb County.

11.     Officer Densberger responded to the scene at Ellwood Steak and Fish House while Plaintiff was present. Officer Densberger is currently employed by the DeKalb Police Department. On information and belief, Officer Densberger is a resident of DeKalb County.

12.     Officer Winters responded to the scene at Ellwood Steak and Fish House while Plaintiff was present. Officer Winters is currently employed by the DeKalb Police Department. On information and belief, Officer Winters is a resident of DeKalb County.

13.     Officer Wilkenson took Plaintiff's oral statement the day after the incident. Officer Wilkenson is currently employed by the DeKalb Police Department. On information and belief, Officer Wilkenson is a resident of DeKalb County.

14.     At all times relevant to this Complaint, the Defendant Officers acted under color of law as police officers of the City of DeKalb and acted within the scope of their employment.

15.     Defendant Steak USA, LLC is an Illinois corporation that owns and conducts business under assumed name Ellwood Steak and Fish House ("Ellwood Steak"), a popular restaurant in DeKalb, Illinois.

16.     Defendant Vasilios Hristakos is owner of Ellwood Steak and assaulted Plaintiff at Ellwood Steak. On information and belief, Defendant Hristakos is a resident of Cook County.

17. Defendant Peter Kanavos is owner of Ellwood Steak. On information and belief, Defendant Kanavos is a resident of Lake County.

### The Incident at Ellwood Steak and Fish House

18. On April 12, 2016, Plaintiff sat at the bar area of Ellwood Steak (known as "The 1879 Lounge") for an early dinner.

19. Shortly after her soup and drink arrived, she heard a man yelling and approaching her from behind.

20. Startled, she quickly turned around and saw one of Ellwood Steak's owners, Defendant Hristakos charging towards her. He was screaming erratically; she did not know what he was saying. Next, he slammed his fist on the bar with such great force that Plaintiff jumped back.

21. Defendant Hristakos abruptly knocked the soupspoon out of her hand, and pushed her soup down the bar. He then proceeded to insult her appearance and told her to get her "ass out of here".

22. Plaintiff was stunned by Hristakos' unprovoked remarks and asked what was going on.

23. Defendant Hristakos responded, "Like I said, take your woman ass out of here" or words to that effect, and continued to insult her.

24. Plaintiff decided to leave the restaurant. She got up from the bar. Before walking out, she tried to take a sip of her drink. Hristakos, however, knocked the drink out of her hand, spilling it all over her. Immediately after, he grabbed Plaintiff's right wrist. She pled for help and for him to stop. Hristakos was relentless and only pushed down harder.

4

25. Hristakos used such great force, he broke Plaintiff's right wrist.

26. Plaintiff tried to call the police using her left hand. When Hristakos saw this, he twisted and pulled her right thumb back vigorously and yelled, "You're not going to call the cops" or words to that effect.

27. Eventually, Plaintiff was able to reach the police. Once Hristakos realized that the police was on the phone, he let go of the Plaintiff and Plaintiff proceeded to leave.

28. As Plaintiff approached the exit, Hristakos grabbed the Plaintiff and told her that she wasn't going anywhere. Plaintiff broke free from his grasp and ran outside. She waited by her vehicle until the police arrived.

**Interactions with DeKalb Police Officers**

29. Officers Densberger and Winters arrived at the restaurant. Officer Densberger began interviewing Plaintiff. When she explained to him that Hristakos assaulted her and that she was in severe pain, he asked if she would like to be transported to the hospital. She replied affirmatively. Officer Densberger questioned whether that was really necessary, which it was, but he eventually called for an ambulance.

30. In the meantime, Officer Winters spoke to Hristakos and some of the employees of Ellwood Steak.

31. Based on information and belief, Hristakos told Officer Winters that he was not harmed, and he admitted to grabbing Plaintiff.

32. The paramedics arrived and assisted Plaintiff into the ambulance. After a preliminary examination of her injuries, they took her to Kishwaukee Health Hospital

Emergency Room, where she was treated for right wrist fracture, right thumb phalanx fracture, and right shoulder and ankle sprains.

33.     Plaintiff was discharged that evening with a full cast on her right arm.

34.     Plaintiff wanted Defendant Hristakos held accountable for his actions.

35.     Over the next several weeks, Plaintiff, on her own and with the assistance of victim support organizations, repeatedly contacted the Department asking for a status, but Defendant Officers used various tactics to prevent her from filing a criminal complaint against Hristakos.

**Defendant Hristakos' Relationship with the DeKalb Police Department**

36.     Defendant Eugene "Gene" Lowery is the current Chief of Police for the DeKalb Police Department.

37.     Defendant Lowery has been the Department's Chief of Police since 2012.

38.     Defendant Lowery is a regular patron of Ellwood Steak and frequently eats and drinks at the restaurant free of charge.

39.     Defendant Lowery and Defendant Hristakos have been seen together at the restaurant and appear to be friends.

40.     Because of their relationship, Defendant Hristakos knows that Defendant Lowery and the DeKalb Police Department would protect him if necessary.

**Defendant Officers' Intimidation and Oppression**

41.     From the onset, Defendant Officers made it clear that Plaintiff should forget about the assault and her injuries. At the restaurant, Defendant Winters told Plaintiff that he would be typing up a quick and short report. When she explained that she

6

wanted to make a full statement, he firmly told her that it was not necessary and in fact, "would not recommend it" or words to that effect.

42.     Against Defendant Winters' recommendation, Plaintiff went to the police station the next day to make a statement. With reluctance, Officer Wilkenson recorded her statement.

43.     Despite having her statement and the plainly visible cast on Plaintiff's right arm, Defendant Wilkenson told Plaintiff that they would not be taking any actions against Hristakos without hospital records documenting her injuries. Plaintiff presented Wilkenson with her discharged papers from the hospital. Visibly annoyed, Wilkenson snatched the papers from her and made a copy.

44.     By April 15, two days had passed and no actions had been taken against Hristakos.  Plaintiff went to the station and asked to speak to a sergeant or lieutenant. Two unidentified officers appeared. One of the officers yelled at Plaintiff and slammed his fist on the table refusing to answer Plaintiff's questions about the timing of the investigation and the delay in submitting a report.

45.     Then, on April 26, when Plaintiff went to the police station to get a police report number for her medical bills, Defendant Densberger angrily proclaimed, "You cannot have any reports. You are not getting them!" or words to that effect.

46.     Whether or not there is actually a report remains a mystery to Plaintiff. As of the date of this filing, Plaintiff has been unable to get a copy of any police reports relating to the attack on her at Ellwood Steak. Yet on multiple occasions, Defendant Densberger led Plaintiff to believe that he was actively working on the police report and that there was an arrest forthcoming.

47.     On the evening of April 13, Plaintiff went to the police station because Defendant Densberger told her that he wanted to take pictures of her injuries. He told her that Defendant Hristakos admitted to grabbing and holding her wrist and that he would be submitting a report and recommending felony charges to the State's Attorney in the morning. Plaintiff checked with the State's Attorney's office the next day and was told that the office did not receive his report.

48.     On Friday, April 15, a staff member at the State's Attorney's office spoke with Defendant Densberger and he said he needed more time and would have the report completed by Monday.

49.     Plaintiff spoke to her victim support advocate the following Friday (April 22). Her advocate informed her that she spoke to Densberger and he communicated that the police officers were going to arrest Hristakos for battery.

50.     Four days later and much to her dismay, Plaintiff learned that Hristakos still had not been arrested and that Defendant Densberger had not submitted the report as promised and once again, said that he needed more time.

### Hristakos' Special Protection

51.     As a favor to Hristakos, on or around April 22, 2016, Defendant Lowery directed Defendant Densberger to inform Hristakos that Plaintiff suffered significant injuries and that she wanted to press charges.

52.     After the meeting between Defendant Densberger and Defendant Hristakos, Plaintiff was told that she may be arrested if she continued to push for charges against Hristakos.

8

53.     After the meeting with Defendant Hristakos, Defendant Densberger backpedaled away from his previous statements that he was going to arrest Hristakos.

54.     After the meeting, Defendant Densberger "re-opened" the investigation and said that there were more people he had to interview and needed a couple weeks to complete.

55.     As of the date of this filing, Defendant Officers still have not arrested Defendant Hristakos for attacking and injuring Plaintiff, nor have they withdrawn their threat to arrest her over the incident, notwithstanding that she did nothing unlawful.

## Count I - 42 U.S.C. § 1983
### Equal Protection Clause -Selective Withdrawal of Police Protection - Gender

56.     Each Paragraph of this Complaint is incorporated herein.

57.     As described more fully above, Defendant Officers denied Plaintiff equal protection of the law in violation of her constitutional rights.

58.     The misconduct described in this Count was motivated by gender animus and constituted purposeful discrimination.

59.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

60.     The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, City of DeKalb, Illinois, is liable for their actions.

61.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the DeKalb Police Department in that:

      a.  As a matter of both policy and practice, the DeKalb Police Department directly encourages, and is thereby the moving force behind the very

9

type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference.

b. As a matter of both policy and practice, the DeKalb Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading DeKalb Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff.

c. The City of DeKalb has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

d. The actions of all the individual Defendant Officers were undertaken pursuant to policies and practices of the Department, described above, which were ratified by policymakers for the City of DeKalb with final policymaking authority. These policies and practices included but were not limited the failure to adequately train, supervise, and discipline officers who engaged in the alleged constitutionals violations, as set forth in greater detail above.

62. As a result of the misconduct described in this County, Plaintiff has suffered damages, including, but not limited to, emotional distress and anguish.

10

## Count II - 42 U.S.C. § 1983
### Equal Protection Clause -Selective Withdrawal of Police Protection – Class of One

63.     Each Paragraph of this Complaint is incorporated herein.

64.     As described more fully above, Defendant Officers denied Plaintiff equal protection of the law in violation of her constitutional rights.

65.     The misconduct described in this Count was motivated by personal animus and constituted purposeful discrimination.

66.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

67.     The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, City of DeKalb, Illinois, is liable for their actions.

68.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the DeKalb Police Department in that:

   a. As a matter of both policy and practice, the DeKalb Police Department directly encourages, and is thereby the moving force behind the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference.

   b. As a matter of both policy and practice, the DeKalb Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading DeKalb Police Officers to believe their actions will

11

never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff.

c. The City of DeKalb has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

d. The actions of all the individual Defendant Officers were undertaken pursuant to policies and practices of the Department, described above, which were ratified by policymakers for the City of DeKalb with final policymaking authority. These policies and practices included but were not limited the failure to adequately train, supervise, and discipline officers who engaged in the alleged constitutionals violations, as set forth in greater detail above.

69. As a result of the misconduct described in this County, Plaintiff has suffered damages, including, but not limited to, emotional distress and anguish.

### Count III - 42 U.S.C. § 1983
### Conspiracy

70. Each Paragraph of this Complaint is incorporated herein.

71. As described fully above, Defendant Officers reached an agreement among themselves and with Defendant Hristakos to deprive Plaintiff of her constitutional rights.

72. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in a joint activity.

73. As a direct and proximate result of the agreement, Plaintiff's rights were violated and she suffered and continues to suffer physical injuries and emotional distress.

74.     Plaintiff's injuries were caused by employees of the City of DeKalb, including but not limited to the individually named Defendant Officers, who acted pursuant to the policies and practices of the DeKalb Police Department as described above.

## County IV - Illinois State Law
## Civil Conspiracy

75.     Each Paragraph of this Complaint is incorporated herein.

76.     As described fully above, Defendant Officers reached an agreement among themselves and with Defendant Hristakos to deprive Plaintiff of her rights and/or to commit a wrongful act.

77.     In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in a joint activity.

78.     As a direct and proximate result of the agreement, Plaintiff's rights were violated and she suffered and continues to suffer physical injuries and emotional distress.

## Count V - Illinois State Law
## Intentional Battery

79.     Each Paragraph of this Complaint is incorporated herein.

80.     As described fully above, Defendant Hristakos' conduct constituted offensive physical contact made without the consent of the Plaintiff.

81.     These actions were undertaken intentionally, willfully and wantonly, and were the proximate cause of Plaintiff's injuries.

82.     As a result of the offensive touching, Plaintiff sustained physical injuries and emotional distress.

13

## Count VI - Illinois State Law
## Reckless Battery

83.     Each Paragraph of this Complaint is incorporated herein.

84.     As described fully above, Defendant Hristakos' conduct constituted offensive physical contact made without the consent of the Plaintiff.

85.     These actions were undertaken willfully, wantonly, and with reckless indifference or conscious disregard for the safety of others, and were the proximate cause of Plaintiff's injuries.

86.     As a result of the offensive touching, Plaintiff sustained physical injuries and emotional distress.

## Count VII - Illinois State Law
## Negligence - Breach of Duty of Ordinary Care

87.     Each Paragraph of this Complaint is incorporated herein.

88.     Defendant Hristakos, like every person, has a duty to all other people to guard them against injury naturally flowing as a reasonably probable consequence of his actions.

89.     Defendant Hristakos breached his duty and failed to exercise ordinary care as fully alleged above.

90.     As a direct and proximate result of the acts alleged herein, Plaintiff suffered physical injuries and emotional distress.

## Count VIII - Illinois State Law
## Negligence - Breach of Restaurant Owner's Duty

91.     Each Paragraph of this Complaint is incorporated herein.

92.     Defendant Steak USA, LLC and its owners Defendants Hristakos and Kanavos, owed Plaintiff a duty to protect against reasonably foreseeable assaults.

14

93.     Defendants Steak USA, LLC, Hristakos, and Kanavos breached their duties and failed to exercise reasonable care as fully alleged above.

94.     As a direct and proximate result of the acts alleged herein, Plaintiff suffered physical injuries and emotional distress.

## Count IX - Illinois State Law
### *Respondeat Superior*

95.     Each Paragraph of this Complaint is incorporated herein.

96.     In committing the acts alleged in the preceding paragraphs, Defendant Hristakos was an agent of Defendant Steak USA, LLC acting at all relevant times on behalf of his principal.

97.     Defendant Steak USA, LLC is liable as principal for all torts committed by its agents.

## Count X - Illinois State Law
### Indemnification

98.     Each Paragraph of this Complaint is incorporated herein.

99.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

100.    Defendant Officers are employees of the City of DeKalb and were acting within the scope of their employments in committing the misconduct described above.


*       *       *

Wherefore, Plaintiff Kristina Brockman respectfully requests that this Court enters a judgment in her favor and against Defendants City of DeKalb, DeKalb Police

15

Chief Gene Lowery, DeKalb Police Officers Densberger, Winters, Wilkenson, other as yet unidentified DeKalb police officers, Steak USA LLC, and Steak USA LLC owners Hristakos and Kanavos, awarding compensatory damages, including medical expenses, punitive damages, attorneys' fees and costs, and any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff Kristina Brockman hereby demands a trial by jury pursuant to Federal

Rule of Civil Procedure 38(b) on all issues so triable.


Respectfully Submitted,

/s/ Cindy Tsai
One of Plaintiff's Attorneys

Jon Loevy
Arthur Loevy
Michael Kanovitz
Cindy Tsai
LOEVY & LOEVY
311 North Aberdeen Street, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900

17